Taliaferro, J.
This suit was instituted on throe bills of exchange, drawn upon the defendants and by them accepted. These bills, at their respective maturities, were duly protested for non-payment. The plaintiff is the holder, under the blank endorsement, of the payee. Ho proceeded by attachment of property belonging to the defendants in tho hands of the intervenors, and of Summers & Brannins and Green Oglesby & Co., and these parties were severally made garnishees in the suit. J. H. Oglesby & Co., subsequent to their answers to the interrogatories, intervened in the suit, averring that the defendants were indebted to them in the sum of §10,819 66 for advances made, and for necessary supplies furnished them, and annexed their account and exhibit of their claim. They claim a lien upon the property of defendants in their possession, which they described to be ninety-one bales of cotton, two pieces of, bagging and thirty coils of rope, consigned to them by the defendants. Also, th^y stated that they held eighty-three bales of cotton or its proceeds transferred to them by Brannins, Summers & Co., upon the order of the defendants,
Summers & Brannins answered, in substance, that they had in hand $7,207 73, proceeds of eighty-three bales of cotton, which they had been directed to .turn over to J. H. Oglesby & Co. for account of H. G, Andrews & Co.. The other garnishees denied having anything in their possession belonging to the defendants.
The defendants, who were absentees, and represented in tho first instance by a curator ad hoc, appeared by counsel, and answered, pleading a general denial, and denying specially that tho plaintiff is a bona fide holder of the drafts sued upon.
, The usual releaso bond was given by the defendants, obligating themselves to appear and satisfy any. judgment which might bo rendered against them. J. H. Oglesby-& Co., became the sureties of defendants in this bond, and .the attachment was set -aside, and the seizure released. In a supplemental pofcition, filed shortly after theso proceedings were taken, the plaintiff prayed jndgment on the draft which became due, and was protested after the original - petition was filed. The process of attachment was again resorted to, and Oglesby & Co., Williams, Nixon & Co. and Summers & Brannins, were cited as garnishees. No attempt was made to bond this attachment, and no motion made to set it aside; but defendants answered as they did to the original petition. The answer of Summers & Brannins, already given, is responsive to the interrogatories propounded to them in the second garnishment. Subsequently Oglesby & Co. answer, that H. G. Andrews & Co. owed them a balance of'-$1,271 56, against which they held forty-two pieces of bagging and thirty-six coils of rope; and that they held Summers & Brannins’ acceptance of the order of H. G. Andrews & Co., to turn over to them balances due on proceeds of eighty-three bales of cotton, which they had demanded and-which Summers & Brannins refused to deliver. They also further answered, that they had accepted an order of H. G. Andrews & Co. to pay over all balances due them to B. G. Garrahard, and to hold subject to his order and for his account any and all property shipped to them by H. G. Andrews & Co.
It appears there was a balance, proceeds sales 'of cotton belonging to *563 defendants, in the hands of William Nixon & Co., which, by intervention of Michael Nolan, was claimed by him. This intervention and claim of Nolan seems to have been abandoned.
Judgment was rendered in the court below on the original petition, decreeing the defendants to pay fra solido to 'tlio plaintiff sixteen thousand six hundred dollars and sixty-six cents, the amount of the first two notes sued upon, with five per cent, interest, per annum, from their respective maturities, and dismissing the interventions of Nolan and Oglesby & Co; The judgment further decreed, the payment in like manner of the note for eight thousand three hundred and thirty-three dollars and thirty-three cents, with like interest, and,costs of protest,, with privilege and preference on the funds and effects seized.-under the writ of attachment, issued on the supplemental petition in the hands of Summers & Brannins and of Williams, Nixon & Co., garnishees.
From this judgment, J. H. Oglesby & Co.', the intervenors, have appealed. They have also appealed from the judgment dismissing their appeal.
We seo no error in the judgment- It is apparent, from the answers of the intervenors in the second garnishment, that IT. G. Andrews & Co. owed them only $1,271 56, for which they held ample security in the lot of bagging and rope in their hands belonging to the defendants. The $7,202 73, in the hands of Summers & Brannins, and which were the net proceeds of cotton shipped by defendants to that house, the intervenors can set up no right to, for the attachment taken out on the supplemental petition, took those funds out of the control of the intervenors under the accepted order of H. G. Andrews & Co. upon Summers & Brannins. The rule, therefore, taken upon the, latter by the- intervenors to show cause why that money should not be paid over to them, was properly dismissed. It appears that H. G. Andrews & Co., against whom citation was prayed for in this intervention, were in fact never cited, and they never answered.
The intervention, as to them, was never put at issue.
It is therefore ordered, adjudged and decreed that the judgment appealed from by defendants and intervenors be affirmed, with costs in both courts; each party appellant paying his own costs.